UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANGELA C. CADY, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-01561-JCM-VCF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

  Angela C. Cady, a Nevada prisoner, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (docket #1) and paid the filing fee. Therefore, the habeas petition shall be filed and docketed, and it shall be served upon the respondents.

  A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in her petition, she may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in her petition, she should notify the court of that as soon as possible, perhaps by means of a motion to amend her petition to add the claim.

  Petitioner has also filed several motions. The court turns first to the motion for bail or release pending appeal (docket #3). Petitioner argues that the sentence imposed was so excessive as to constitute cruel and unusual punishment and that she does not pose a flight risk pending resolution of her habeas petition (*id.*).

1. The Ninth Circuit has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Every circuit that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist. LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he or she is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, the petitioner must demonstrate that: (1) the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of her claims are so strong as to indicate a high probability of her success. Additionally, petitioner fails to show that exceptional circumstances exist that require her immediate release pending disposition of her habeas petition.

1   Next, the court considers petitioner's motion for appointment of counsel (docket #5). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting her claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time. The motion is denied without prejudice.

Finally, petitioner's motion to proceed with appeal on original records (docket #4) appears to be something that either was or could have been filed in connection with her direct appeal and is denied as irrelevant. Her application to proceed *in forma pauperis* (docket #2) is denied as moot because petitioner has paid the filing fee.

**IT IS THEREFORE ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the petition (docket #1) on the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-**

1  **five (45) days** from the date of service of the answer to file a reply.

2  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #5) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner: motion for bail or release pending appeal (docket #3) and motion to proceed with appeal on original records (docket #4) are both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* (docket #2) is **DENIED** as moot.

Dated, this 20 day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE